IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ERIK SALAIZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-22-CV-76-KC |
| | § | |
| ENSURE HEALTH GROUP CORP. d/b/a EFFICIENCY HEALTH GROUP, CORP, a Delaware Corporation, and FRANTZ SAINTVAL, | § § § § § § | |
| Defendants. | § | |

## FINAL DEFAULT JUDGMENT ORDER

On this day, the Court considered Plaintiff's Motion for Default Judgment for Sum Certain ("Motion"). ECF No. 7. For the reasons set forth herein, Plaintiff's Motion is **GRANTED**.

**I.    BACKGROUND**

This case involves alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff's cellphone number has been listed on the national do-not-call registry since May 2021.[1] Compl. ¶ 22, ECF No. 1. Despite this, Defendants made five unsolicited telemarketing calls to his cellphone between January 26, 2022, and February 10, 2022. Compl. ¶¶ 26, 48. Plaintiff alleges that the first call was a "robocall" and that when he answered, he heard an automated or prerecorded message regarding health insurance. Compl.

---

[1] Because a default has been entered pursuant to Federal Rule of Civil Procedure 55(a) in this case, Plaintiff's factual allegations are taken as true. *See U.S. For Use of M-Co Constr., Inc. v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987).

¶¶ 28, 30. During the call, Plaintiff was transferred to Defendants' agent, who attempted to solicit Plaintiff to enroll in a health insurance plan. Compl. ¶¶ 29–36. After the first call, the agent called Plaintiff four additional times without his consent. Compl. ¶¶ 38–39.

On March 4, 2022, Plaintiff initiated this action. Compl. Defendants were served on March 16, 2022, but failed to appear by April 6, 2022, as required by law. *See* ECF Nos. 3–4; Fed. R. Civ. P. 12(a)(1)(A)(i). On April 28, 2022, the Clerk of the Court entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 6. On May 2, 2022, Plaintiff requested default judgment and an award of statutory damages. ECF No. 7.

## II.    DISCUSSION

### A.    Standard

The clerk of the court shall enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After the clerk enters default, a party may move for a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A court enters default judgment only if there is "a sufficient basis in the pleading for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). In assessing whether the complaint contains a sufficient basis for a default judgment, the court applies the standard governing the sufficiency of a complaint under Federal Rule of Civil Procedure 8. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the

pleader is entitled to relief."[2] Fed. R. Civ. P. 8(a)(2). The pleadings of pro se litigants must be construed liberally. *See E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

**B.     Analysis**

Plaintiff asks the Court to enter default judgment in his favor and to award statutory damages based on five phone calls he received from Defendants' agents. *See* Mot.; Aff. Supp. Mot., ECF No. 8. Plaintiff requests $500 in statutory damages for one violation of 47 U.S.C. § 227(b) and $500 in statutory damages for each of five violations of 47 U.S.C. § 227(c), for a total of $3000. *See* Aff. Supp. Mot. ¶ 2.

**1.     47 U.S.C. § 227(b)**

Title 47 U.S.C. § 227(b)(1)(A) prohibits calling "any telephone number assigned to a . . . cellular telephone service" using "any automatic telephone dialing system" absent "prior express consent of the called party." Section 227(b)(1)(B) prohibits "initat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party," subject to certain exceptions. The TCPA provides a private right of action for violations of § 227(b). 47 U.S.C. § 227(b)(3). A plaintiff may recover the greater of their "actual monetary loss" or "up to $500 in damages" for each violation. *Id.* § 227(b)(3)(B).

---

[2] Although a default judgment conclusively establishes a defendant's liability, it does not establish the amount of damages. *United States ex rel. MCO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). District courts have "wide latitude" regarding whether to hold an evidentiary hearing on the issue of damages. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *see also* Fed. R. Civ. P. 55(b)(2)(B). A hearing is not necessary if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp.* v. *Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). Plaintiff in this case asks for liquidated damages prescribed by statute, so a hearing is not necessary.

Plaintiff alleges he received a "robocall" from Defendants on January 26, 2022, that used an artificial or prerecorded voice message. Compl. ¶¶ 28–37. As such, Plaintiff has sufficiently alleged one violation of § 227(b), which warrants an award of $500 in statutory damages. *See* 47 U.S.C. § 227(b)(3)(B).

### 2. 47 U.S.C. § 227(c)

Title 47 U.S.C. § 227(c) authorizes the FCC to establish a national database of telephone users who do not wish to receive telephone solicitations and directs the agency to promulgate regulations to protect users' privacy rights. Those regulations provide that calling a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry" violates the TCPA. 47 C.F.R. § 64.1200(c)(2). In turn, section 227(c)(5) of TCPA provides a private right of action for violations of these regulations to any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity." 47 U.S.C. § 227(c)(5). A plaintiff may recover "for actual monetary loss from such a violation, or to receive up to $500 in damages." *Id.* § 227(c)(5)(B).

Plaintiff alleges that his number has been listed on the national do-not-call list since May 2021 and that Defendants' agent called him, unsolicited, for telemarketing purposes on five occasions during a period of a few weeks—straightforward violations of 47 C.F.R. § 64.1200(c)(2). Compl. ¶¶ 22, 48. Therefore, Plaintiff is awarded $500 in statutory damages for each violation, for a total of $2500. *See* 47 U.S.C. § 227(c)(5)(B).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion, ECF No. 7 is **GRANTED**. It is **ORDERED** that **DEFAULT JUDGMENT** is **ENTERED** in favor of Plaintiff and against Defendants. Defendants **SHALL PAY** Plaintiff:

a. $500 in statutory damages for one violation of 47 U.S.C. § 227(b) pursuant to § 227(b)(3)(B); and

b. $500 in statutory damages for each of the five violations of 47 U.S.C. § 227(c) pursuant to § 227(c)(5)(B).

In total, the Court **GRANTS** default judgment in favor of Plaintiff and against Defendants in the amount of $3000 plus costs. Plaintiff may file a proposed bill of costs in accordance with Local Court Rule CV-54(a) within 14 days of this Memorandum Order.

**IT IS FURTHER ORDERED** that Defendants **SHALL PAY** Plaintiff post-judgment interest at the rate of 2.00% until paid in full, to be compounded annually pursuant to the provisions of 28 U.S.C. § 1961(b).

The Clerk shall close the case.

**SO ORDERED.**

SIGNED this 19th day of May, 2022.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE